**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NURAH ARAFAT, : CIVIL ACTION NO. 11-1804 (MLC)
:
    Plaintiff, : **O P I N I O N**
:
v. :
:
NEW MILLENNIUM BANK, :
:
    Defendant. :

**THE PLAINTIFF PRO SE** is a citizen of Iowa City, Iowa — which is served by the United States District Court for the Southern District of Iowa — and applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"). (Dkt. entry no. 1, Application.) The plaintiff brought a similar action in the Southern District of Iowa, wherein he has been granted in-forma-pauperis relief. See Order, Arafat v. Credit Management Systems, No. 11-37 (S.D. Ia. Mar. 28, 2011), ECF No. 3. This Court will (1) grant the Application, and (2) deem the Complaint to be filed.

**THIS ACTION** would have been more appropriately brought in the Southern District of Iowa, where the plaintiff (1) resides, (2) is experiencing the effects of the alleged FCRA violations, and (3) has brought a similar action. See Thomas v. Accounts Receivable Mgmt., No. 10-221, 2010 WL 4340108, at *1-3 (E.D. Va. Oct. 22, 2010) (transferring FCRA action to District of Maryland, where plaintiff lives); Reyes v. Experian Info. Solutions, No.

03-3219, 2003 WL 22282515, at *1-2 (N.D. Ill. Oct. 2, 2003) (transferring FCRA action to District of Arizona, where plaintiff lives); Heston v. Equifax Credit Info. Servs., No. 03-2476, 2003 WL 22243986, at *1-2 (N.D. Ill. Sept. 26, 2003) (transferring FCRA action to Central District of California, where plaintiff lives); see also 28 U.S.C. § 1404.  Furthermore, the plaintiff's choice of a New Jersey venue is accorded little deference, as he is not a New Jersey citizen.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

**IT MAY BE IMPROPER** to dismiss a complaint on the basis of improper venue following an initial screening under Section 1915(e)(2)(B).  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  But this Court is neither screening the Complaint nor dismissing the Complaint.  Rather, this Court is granting the Application and transferring the action to a more-appropriate federal district court, which will in turn screen the Complaint under Section 1915(e)(2)(B) and determine whether the Complaint should be dismissed.  See Walker v. M. Davis & Sons, No. 98-1910, 1998 WL 199646, at *1 (E.D. Pa. Apr. 27, 1998) (granting in-forma-pauperis application and transferring action to District of Delaware).  This Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:  May 5, 2011